## CIRCUIT COURT OF FAIRFAX COUNTY

Helen Carl Loyet

    v.

Alan Thompson et al.

April 23, 1996

Case No. (Chancery) 133541

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes on complainant's motion to disqualify defense counsel. For the reasons stated below, the motion to disqualify is denied, but defense counsel is precluded from calling any attorney in or other employee of its firm as a witness at trial to testify on the subject of the competency of Helen E. Thompson.

Defense counsel's law firm represented Ms. Thompson in connection with her execution of a will, trust, powers-of-attorney, and a Declaration on December 6, 1991. Mrs. Thompson died June 4, 1992. The complainant, Mrs. Thompson's daughter, brings this action against Mrs. Thompson's son and various other beneficiaries. Among the allegations made by the complainant is that Mrs. Thompson lacked sufficient mental competence to execute the December 6, 1991, instruments.

Complainant's counsel has represented to the Court that he does not intend to call defense counsel as a witness at trial. Defense counsel avers that while it has no present intention of calling any of that firm's attorneys as witnesses at trial, it reserves the right to do so in the event complainant's evidence warrants it.

D.R. 5-102 of the Virginia Code of Professional Responsibility provides that:

> [i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he

shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in D.R. 5-101(B)(1) through (3).

Those exceptions to D.R. 5-101(B) allow testimony by an attorney of record (or another lawyer in his firm):

(1) If the testimony will relate solely to an uncontested matter or to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(2) If the testimony will relate solely to the nature and value of the legal services rendered in the case by the lawyer or his firm to the client.

(3) As to any matter, if refusal will work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

Virginia Code of Professional Responsibility D.R. 5-101(B).

I find that none of the exceptions under D.R. 5-101(B) applies to the circumstances of the instant case. Therefore, the only issue is whether defense counsel has learned or it is obvious that he or a lawyer in his firm ought to be called as a witness at trial on the subject of Mrs. Thompson's competency. A member of defense counsel's firm witnessed Mrs. Thompson's execution of the will and the power-of-attorney. He discussed each of the documents with her and concluded she was of sound mind. Because the complainant has stipulated that it will not call defense counsel as a witness, defense counsel's appearance as a witness in the matter rests solely within its control. I do not find persuasive defense counsel's argument that it will not be able to make that decision until the complainant rests its case. Just as in any trial, the final and irreversible decision to call a witness to testify at trial rests with trial counsel and may not be etched in stone until the moment at trial when the witness is called. But in this case, given the posture of and discovery undertaken in this case, defense counsel is in a position now to know whether "it is obvious that . . . a lawyer in his firm ought to be called as a witness on behalf of his client." D.R. 5-102(A). That is not a decision that defense counsel should be able to make with impunity at the time of trial.

Defendant notes that complainant waited until a few weeks before the trial to bring this motion. While complainant has been remiss in not filing the motion before now, complainant's counsel brought this very issue to defense counsel's attention by letter in 1993 and suggested that defense counsel must withdraw. The onus of doing so thereafter rested with defense counsel. Complainant's motion does not come too late.

For these reasons, the Court denies complainant's motion to disqualify defense counsel but decrees that defense counsel's continued representation of the defendants shall preclude any attorneys or employees in defense counsel's firm from being called as a witness at trial on the subject of Mrs. Thompson's competency at the time she executed the December 6, 1991, documents. To preserve the option of calling such witnesses at trial, defense counsel must withdraw.